IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | Civil Action No. H-10-2867 |
| vs. | § § | |
| JON C. GINDER, NORTHAMERICAN ENERGY GROUP, INC., AND NORTHAMERICAN ENERGY GROUP, CORP., | § § § § § | |
| Defendants. | § § § | |

### FINAL JUDGMENT AS TO DEFENDANT JON C. GINDER

Before the Court is Plaintiff Securities and Exchange Commission's ("Commission") Motion for Entry of Final Judgment as to Defendant Jon C. Ginder ("Ginder" or "Defendant"). Previously, on August 18, 2010, the Court entered an Agreed Interlocutory Judgment as to Ginder and Defendants Northamerican Energy Group, Inc. and Northamerican Energy Group, Corp.

Now, having considered the current motion, the Court is of the opinion that it is well-founded and should be GRANTED, incorporating the relief set forth in the Interlocutory Judgment, as follows:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities

Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    to employ any device, scheme or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    (c)    to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

    (a)    to use or employ any manipulative or deceptive device or contrivance;

    (b)    to employ any device, scheme or artifice to defraud;

(c)  to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

(d)  to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and 77e(c)]:

(a)  by making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell a security through the use or medium of a prospectus or otherwise; or

(b)  by carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, a security for the purpose of sale or for delivery after sale unless a registration statement is in effect as to the security; or to make use of any means or instruments of transportation or communication in interstate commerce of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise a security;

Unless a registration statement has been filed as to the security; or while the registration statement is the subject of a refusal order, stop order or (prior to the effective date of the

3

registration statement) any public proceeding or examination under Section 8 of the Securities Act.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $3,380,063, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $686,931.28, for a total of $4,066,994.28. Based on Defendant's sworn representations in his Statement of Financial Condition dated July 6, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all of the disgorgement and pre-judgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of all of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering

Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consents of Defendant are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed on this _9th_ day of _November_ 2012.

_____
UNITED STATES DISTRICT JUDGE